SAVOIE, Judge.
Plaintiffs appeal the trial court’s denial of their request for a preliminary injunction against defendants and its award of damages for the wrongful issuance of a temporary restraining order.
On May 13,1976, plaintiffs, Mr. and Mrs. Lynn D. Ezell, Sr., exchanged a tract of land, the subject of this litigation, to Mr. and Mrs. Alcide Mansour for a tract of land owned by the Mansours. The property exchanged to the Mansours was subsequently sold to Kim Allen Smith who then sold it to the defendants, Mr. and Mrs. Bernard A. Vaughn. All Acts of Sale and the Act of Exchange were properly recorded.
In the Act of Exchange between plaintiffs and the Mansours, the property received by the Mansours provided in its description that said property was to be used for “residential purposes only.” However, the sale to Smith and then to defendants was devoid of this restriction.
Shortly after defendants purchased the property, they commenced construction of a commercial business thereon. Upon notice thereof, plaintiffs sought to temporarily enjoin further construction. Subsequently, plaintiffs sought a preliminary injunction and thereafter a permanent injunction against any further construction of the business. Defendants then filed a rule to *535 dissolve the temporary restraining order, further seeking damages.
After a hearing in this matter, the trial court cancelled the temporary restraining order, denied plaintiffs’ request for a preliminary injunction, declared that defendants owned the tract of land in full ownership without restriction of use, and granted defendants $1500.00 in damages for the wrongful issuance of the temporary restraining order together with $500.00 in attorney’s fees. It is from these rulings that plaintiffs appeal.
Plaintiffs contend that the trial court erred in:
1. Interpreting the language in the act of exchange between Mr. & Mrs. Ezell and Mr. & Mrs. Mansour, specifically in not finding that the language of the Act of Exchange created a predial servitude running with the land and as such, binding upon successors in title, and
2. Assessing damages and attorney’s fees in that defendants failed to offer any evidence of same.
ASSIGNMENT OF ERROR NO. 1
Plaintiffs first assert that the trial court erred in interpreting the Act of Exchange’s language, specifically finding that same failed to create a predial servitude running with the land, and as such, binding on all successors in title. Contrarily, defendants contend that the language constituted a building restriction, personal only to the Mansours, no subdivision plot plan having been filed as of record.
Louisiana jurisprudence has firmly established that building restrictions constitute real rights only in the framework of subdivision planning. The restrictions must be imposed at least by implication in favor of lots in the subdivision in accordance with a general development plan. If the restrictions are imposed on individual lots without regard to a general development plan, they may constitute a veritable predial servitude, provided that the requirements for the creation of predial servitudes are met. See LSA-C.C. art. 775, comments (E).
A predial servitude is a charge on a servient estate for the benefit of a dominant one, each estate belonging to a different owner. LSA-C.C. art. 646. Such servi-tudes are established through natural, legal, or voluntary/conventional means, LSA-C.C. art. 654, and are inseparable from both the dominant and servient estate, such charge passing with the ownership thereof, LSA-C.C. art. 650. Voluntary or conventional servitudes are those established by judicial act, prescription, or destination of the owner. LSA-C.C. art. 654. Moreover, they may be either affirmative or negative, that is, requiring the servient estate to do a thing or abstain from doing something, respectively. The prohibition of a building and of the use of an estate as a commercial or industrial establishment is an example of a negative servitude. LSA-C.C. art. 706. Further, where the servitude has no exterior sign of its existence, it is considered to be non-apparent. LSA-C.C. art. 707.
In the instant matter, the record reflects that the Act of Exchange between plaintiffs and the Mansours restricted the tract of land’s use to “residential purposes only.” Numerous residents who purchased lots in the same area from plaintiffs testified that when they purchased their lots, it was understood that their properties were to be for “residential purposes only.” However, Mr. Ezell testified that although he had plot plans for the subdivision, none of these plans were of record nor were they ever submitted to the purchasers for their review. Based upon these facts alone, we find that the provisions of LSA-C.C. arts. 775-783 are inapplicable herein.
We must next consider whether the restriction as written is sufficient to constitute a predial servitude running with the property. The property description’s language in the Act of Exchange clearly establishes and creates a negative non-apparent conventional predial servitude. As such, we find that the prohibition against building and/or construction of commercial ventures on said property runs with the land in spite of the absence of said prohibi *536 tion on subsequent cash sale property descriptions. We now consider whether the predial servitude created in the Act of Exchange was extinguished such as to permit defendants’ commercial construction.
Predial servitudes may be extinguished by the permanent and total destruction of the dominant estate or a part of the ser-vient estate burdened with the servitude, LSA-C.C. art. 751; by non-use for ten years, LSA-C.C. 753; when the dominant and servient estates are acquired in their entirety by the same person (confusion), LSA-C.C. art. 765; by the abandonment of the servient estate evidenced by a written act which is accepted by the dominant estate, LSA-C.C. art. 770; by express and written renunciation of the owner of the dominant estate, LSA-C.C. art. 771; by the fulfillment of a resolutory condition, LSA-C.C. art. 773; or by dissolution of the right of the person who established it, LSA-C.C. art. 774.
Herein, the record is devoid of evidence which would support any of these reasons for extinguishment of the predial servitude established in the Act of Exchange. Accordingly, we find that the trial court erred in declaring that defendants owned the tract of land in full ownership without restriction of use, in cancelling the temporary restraining order, and in denying plaintiffs’ request for a preliminary injunction.
ASSIGNMENT OF ERROR NO. 2
Plaintiffs next contend that the trial court erred in assessing damages and attorney’s fees, there being an absence of evidence to substantiate such claim. LSA-C.C.P. art. 3608 provides that the court may allow damages for the wrongful issuance of a temporary restraining order on a motion to dissolve same and may award attorney’s fees for the services rendered in connection with its dissolution. Having hereinabove determined that the trial court erred in dissolving the temporary restraining order, we find that it was not wrongfully issued. Accordingly, any award of damages and attorney’s fees is in error.
Based upon the above and foregoing, judgment of the trial court is hereby reversed as to the cancellation of the temporary restraining order, declaring that defendants owned the tract of land in full ownership without restriction of use, and in granting defendants damages and attorney’s fees. Moreover, we find that the trial court erred in denying plaintiffs’ request for a preliminary injunction and accordingly grant same. Defendants, Bernard A. Vaughn, et al, are to pay all costs.
REVERSED AND RENDERED.